## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## PADUCAH DIVISION

**HARRY McCOMBS, IV**                                                                  **PLAINTIFF**

**v.**                                             **CIVIL ACTION NO. 5:21-CV-P120-TBR**

**BRAD HUGES**                                                                **DEFENDANT**

### MEMORANDUM OPINION AND ORDER

Plaintiff, Harry McCombs, IV, initiated this 42 U.S.C. § 1983 action. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the following reasons, some of Plaintiff's claims will be dismissed, but others will be allowed to proceed.

### I. STATEMENT OF CLAIMS

Plaintiff, a pretrial detainee at the Christian County Jail (CCJ), names as Defendant CCJ Deputy Jailer Brad Huges in his individual and official capacities. Plaintiff alleges that he has been placed in danger from COVID-19 due to CCJ's overcrowding in his cell. He states that masks are not provided unless a prisoner leaves the cell. He further states that inmates in his cell have been experiencing COVID-19 symptoms. According to the complaint, other counties have taken action to reduce their inmate population but CCJ continues to take in more prisoners, thereby increasing the risk to inmates.

Plaintiff seeks monetary damages and immediate release.

### II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the

Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2). When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Although Plaintiff names Defendant Huges, CCJ's Jailer, in his individual capacity, he does not allege any personal involvement by him in the alleged constitutional violation.

The doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). "[P]roof of personal involvement is required for a supervisor to incur personal liability." *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (stating that supervisory liability "must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act'") (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)). Consequently, the Court will dismiss the individual-capacity claim for failure to state a claim upon which relief may be granted.

The Court will allow Plaintiff's official-capacity claim against Defendant Huges for alleged deliberate indifference to health and safety to go forward. The official-capacity claim against defendant Huges, an employee of Christian County, is, in effect a claim against Christian County. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994).

Plaintiff, however, cannot be granted immediate release as a remedy in this civil-rights action. Release from incarceration is relief that can only be sought through a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."). Therefore, the Court will dismiss Plaintiff's claim for immediate release for failure to state a claim upon which relief may be granted.

### III. CONCLUSION

For the foregoing reasons,

Plaintiff's individual-capacity claim against Defendant Huges and his request for immediate release are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

The Court will enter a separate Service and Scheduling Order to govern the development of Plaintiff's remaining claim, *i.e.*, his Fourteenth Amendment deliberate indifference claim against Defendant Huges in his official capacity. In allowing this claim to continue, the Court expresses no opinion on its ultimate merit.

Date: January 5, 2022

**Thomas B. Russell, Senior Judge**
**United States District Court**

cc: Plaintiff, *pro se*
    Defendant
    Christian County Attorney
4413.009